| | |
|---|---|
| District Court, Eagle County, Colorado<br>885 Chambers Ave.<br>Eagle, CO 81631 | DATE FILED: September 4, 2020 4:06 PM<br>FILING ID: 733B887DCE159<br>CASE NUMBER: 2020CV30194 |
| **Plaintiff: Kathleen Knapp and Stephen Wodlinger**<br><br>v.<br><br>**Defendants: Walgreens Co., a Foreign Corporation Incorporated in the State of Delaware** | ▲    COURT USE ONLY    ▲ |
| *Attorneys for Plaintiff:*<br>Ryan Kalamaya, Atty. Reg. #39249<br>Michael Fox, Atty. Reg. #49082<br>Kalamaya \| Goscha<br>133 Prospector Road, Suite 4102-X<br>Aspen, CO 81611<br>Tel.: 970-315-2365<br>E-Mail: ryan@kalamaya.law<br>E-Mail: michael@kalamaya.law | **Case Number:**<br><br><br><br>Division        Courtroom |
| **COMPLAINT FOR PERSONAL INJURIES** ||

Plaintiff Kathleen Knapp ("Ms. Knapp") sustained severe injuries when she slipped and fell on an obvious hazard neglected by Defendant Walgreens Co. ("Walgreens"). Both Ms. Knapp and Mr. Wodlinger suffered damages as a result of the injuries. Plaintiffs submit the following Complaint.

### PARTIES

1. Ms. Knapp and Mr. Wodlinger are a married couple and are residents of Eagle County, Colorado.

2. Defendant Walgreens Co. is a Delaware Corporation with a principal office at 300 Wilmot Rd. Deerfield, IL 60015. Upon information and belief, is the tenant of the Avon Walgreens Premises at 15 Sun Rd. x8438, Avon, CO 81620.

### JURISDICTION AND VENUE

**Exhibit A**

3. This Court has jurisdiction over this action pursuant to C.R.S. § 13-1-124(I)(b) because Defendants committed tortious acts in Eagle County, Colorado.

4. Venue is proper in this Court pursuant to C.R.C.P. 98(c)(5) because Defendants committed torts in Eagle County, Colorado.

## GENERAL ALLEGATIONS

5. Plaintiffs adopt and incorporate by reference the allegations of the previous Paragraphs as if fully set forth herein.

6. On September 19, 2019, Ms. Knapp shopped at the Walgreens Store in Avon.

7. The Avon Walgreens Store is owned and operated by Walgreens.

8. After purchasing some items Ms. Knapp exited through the automatic door in the front of the store.

9. The Avon Walgreen's exit has a central walkway that leads between two planters.

10. This walkway has two separate types of tiles. A flat cement tile and an American Disability Act ("A.D.A.") compliant Tekway Red Dome Tile.



Front photograph of the Avon Walgreens



Still Photograph from Stephen's video of Walgreen's wobbly entryway tiles.

11. One of the Tekway Red Dome Tiles had separated entirely from the other tiles. The uneven grout and concrete below the tile caused it to tilt several inches like a playground see-saw.

12. Immediately after leaving the store, Ms. Knapp stopped next to the entryway planter to put her purse down on the column. She took her prescription glasses off to put on her prescription sunglasses.

13. After, Ms. Knapp took one step and her foot caught the raised end of the wobbly seesaw like tile.

14. Ms. Knapp could not keep her balance and slammed to the ground.

15. As she tumbled, Ms. Knapp put her dominant right hand out to help break the fall.

16. Ms. Knapp's right hand came into contact with the ground, and her left torso hit immediately after.

17. She immediately felt 10/10 extreme pain.

18. Even though Ms. Knapp screamed out, no one came to her aid.

19. After realizing what happened, Ms. Knapp was able to pick herself up from the ground.

20. Kathleen then called her husband, Mr. Wodlinger, so that she could arrange meeting with her, and went to the emergency room.

21. Doctors eventually diagnosed Ms. Knapp with rib separation, a complete tear to her supraspinatus muscle in her right rotator cuff, a fraying of one of her other right rotator cuff muscles, and a strained right bicep tendon.

22. One regular Walgreens patron, William Schleifer, estimated that the tile was completely loose for about a year.

23. Since the date of the injury, Ms. Knapp has undergone shoulder surgery, received cortisone shots, and engaged in intensive physical therapy.

24. She still is undergoing treatment.

25. As a result of Ms. Knapp's injuries, she needed to sleep alone on her couch for several months.

26. Mr. Wodlinger became Ms. Knapp's at-home caregiver. He helped Ms. Knapp do everyday tasks, administered medicine, and generally cared for her.

27. Mr. Wodlinger states that enduring these injuries was very stressful for him and one of the worst experiences of his relationship.

28. Ms. Knapp has damages for medical expenses, future medical expenses, travel costs, misc. economic damages, pain and suffer, and permanent injury.

29. Mr. Wodlinger claims damages for loss of consortium.

## FIRST CLAIM FOR RELIEF
### Premises Liability Statute – C.R.S. § 131-21-115 et seq.

30. Plaintiffs adopt and incorporate by reference the allegations of the previous Paragraphs as if fully set forth herein.

31. Upon information and belief, Defendant Walgreens was the tenant of the Premises wherein the incident complained of herein occurred, as defined by C.R.S. §13-21-115, and also Pierson v. Black Canyon Aggregates, Inc., 48 P.3d 1215, 1219 (Colo. 2002) and its progeny.

32. As owner or tenant of the Premises where the incident occurred, Walgreens owed a duty to invitees to provide them with a safe premises without dangerous conditions, as well as to properly warn and protect them from any dangers of which Walgreens knew or should have known, as set forth in C.R.S. § 13-21-115.

33. Ms. Knapp was lawfully present at the Walgreens at the time of the incident as an invitee.

34. Wobbly seesaw-like entryway tiles, in an area where invitees were expected to walk over were a dangerous condition.

35. Walgreens knew or should have known about the wobbly entryway tile.

36. Walgreens failure to repair the wobbly entryway tile directly and proximately caused Ms. Knapp's injuries and the resulting damages.

37. Ms. Knapp has damages for medical expenses, future medical expenses, travel costs, misc. economic damages, pain and suffering, and permanent injury.

38. Walgreens is liable to Plaintiffs for damages suffered by her as a result of the incident in amount to be proven at trial.

## SECOND CLAIM FOR RELIEF
### Loss of Consortium

39. Plaintiffs adopt and incorporate by reference the allegations of the previous Paragraphs as if fully set forth herein.

40. Walgreens was negligent in that they breached their statutory duty owed to Ms. Knapp pursuant to C.R.S. §13-21-115.

41. Walgreen's negligence caused serious injuries to Ms. Knapp.

42. Mr. Wodlinger and Ms. Knapp are married.

43. As a result of injuries to Ms. Knapp, Mr. Wodlinger sustained a loss of his rights of consortium.

## DAMAGES

44. Plaintiffs adopt and incorporate by reference the allegations of the previous Paragraphs as if fully set forth herein.

45. As a direct and proximate result of the fall, Ms. Knapp sustained rib separation, a complete tear to her supraspinatus muscle in her right rotator cuff, a fraying of one of her other right rotator cuff muscles, and a strained right bicep tendon.

46. Ms. Knapp has incurred and will incur in the future, economic losses including hospital and medical expenses, charges for physicians' services and examinations, clinic visits, physical therapy, radiographic studies, and other related expenses. These damages are all caused by the injuries Ms. Knapp sustained as a direct and proximate result of the Defendant's negligence.

47. Ms. Knapp has and will continue to sustain pain, suffering, mental and emotional distress, and a loss of enjoyment of life. Ms. Knapp may sustain additional damages, including disability, physical impairment, and disfigurement as a result of his injuries.

WHEREFORE, Plaintiffs demands judgment as follows:

48. Award compensatory damages in an amount to be determined at trial in favor of Plaintiffs, and against Defendant, for past and future medical expenses, past and future pain and suffering, as well as emotional anxiety, disability, and embarrassment; past and future loss of normal life; past and future wage loss, emotional distress; permanent disability and injury; and

49. Costs, including expert witness fees, and Plaintiffs reasonable attorney's fees, costs, and expenses;

50. Pre-judgment interest; and

51. Award such other and further relief to Plaintiffs and against Defendant.

**PLAINTIFFS DEMAND A TRIAL TO A JURY.**

Dated this 4th day of September, 2020.

KALAMAYA | GOSCHA

_____
Michael Fox, #49082
*Attorney for Plaintiffs Kathleen Knapp and Stephen Wodlinger*